CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 2 4 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

RUDOLPH LEE CRAWLEY,                )
    Petitioner,                            )    Civil Action No. 7:05CV00797
                                   )
                                   )    **MEMORANDUM OPINION**
                                   )
AIMEE JARRETT, et al.,               )    By:  Samuel G. Wilson
    Respondents.                        )    United States District Judge

Petitioner Rudolph Lee Crawley, a Virginia inmate proceeding pro se, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.  Crawley is challenges the September 15, 2005, revocation of a previously suspended sentence in the Circuit Court for the City of Danville. As grounds for relief, Crawley alleges that he was "incarcerated by false pretenses–unlawfully induced sentence," "subjected to lack of due process,"and "subjected to "willful and wanton mental frustration causing stress." This matter is before the court on the respondent's motion to dismiss. The court finds that Crawley has failed to exhaust his available state court remedies and therefore dismisses his petition.

## I.

Crawley was convicted in the Circuit Court of Danville on April 29, 1996, of statutory burglary and possession of cocaine. The court imposed a sentence of eight years, of which the court suspended six years and three months. Crawley was paroled and revoked on several occasions. Following the most recent revocation hearing, on September 15, 2005, the court ordered a sentence of four years and six months, with two years suspended. Crawley appealed the revocation, and that appeal is still pending in the Virginia Court of Appeals[1] and Crawley has not filed a state habeas petition regarding his revocation.

---

[1]See Crawley v. Commonwealth of Virginia, Case No. 2374-05-3.

## II.

[A] plaintiff cannot seek the intervention of a federal court [by filing a § 2254 petition] until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate. 28 U.S.C. § 2254; <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973); <u>Slayton v. Smith</u>, 404 U.S. 53 (1971). Crawley's direct appeal is still pending, and he has not filed a state habeas petition regarding his claims. Thus, state remedies remain available to Crawley, and the court, therefore, dismisses his petition for failure to exhaust.

## III.

For the reasons stated herein, the court dismisses Crawley's § 2254 petition.

**ENTER:**    This 24th day of March, 2006.

_____
UNITED STATES DISTRICT JUDGE